IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL EVERETT,<br><br>    Plaintiff,<br><br>  v.<br><br>VICTOR MAKRAS,<br><br>    Defendant.<br>_____/ | No. C 13-3693 CW<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT (Docket No. 3) |

Plaintiff Daniel Everett seeks leave to proceed <u>in forma pauperis</u> (IFP) in this action for injunctive relief against Defendant Victor Makras. The Court denies this request under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff's complaint is frivolous.

LEGAL STANDARD

A court may grant a plaintiff leave to proceed IFP under 28 U.S.C. § 1915(a) only when the plaintiff has presented a claim that is not factually or legally frivolous within the definition of § 1915(e)(2)(B).[1] <u>O'Loughlin v. Doe</u>, 920 F.2d 614, 616 (9th

---

[1] Section 1915(e)(2)(B) states:

   . . . the court shall dismiss the case at any time if the court determines that--

   (B) the action or appeal--

      (i)   is frivolous or malicious;
      (ii)  fails to state a claim on which relief may be granted; or

Cir. 1990); Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987). An IFP complaint is frivolous if it is "without merit" and has "no arguable basis in fact or law." O'Loughlin, 920 F.2d at 617 (quotation marks and citations omitted).

Section 1915(e)(2)(B) accords judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims where the factual contentions are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 34 (1992). Because a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but rather an exercise of the court's discretion under the IFP statute, the dismissal does not prejudice the filing of a paid complaint making the same allegations. Id.

## DISCUSSION

Plaintiff's complaint alleges that Makras, the manager of the apartment building where Plaintiff lives, has failed to make necessary repairs to Plaintiff's water heater. Plaintiff thus seeks a temporary restraining order and preliminary injunction compelling Makras to repair the water heater.[2] Plaintiff asserts that diversity of citizenship exists under 28 U.S.C. § 1332 because he and Makras "are citizens of two different states and the amount in controversy exceeds $75,000." Docket No. 1, Compl. ¶ 3. This allegation is without merit.

"'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the

---

    (iii) seeks monetary relief against a defendant who is immune from such relief.

[2] Although Plaintiff requests a temporary restraining order in his complaint, he has not filed a separate motion seeking such relief.

2

1 value of the object of the litigation.'" Chapman v. Deutsche Bank
2 Nat. Trust Co., 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (citations
3 omitted).  Applying this rule in the present case, the true amount
4 in controversy here is the cost of repairing or replacing
5 Plaintiff's allegedly broken water heater: this figure cannot
6 plausibly exceed the jurisdictional minimum of $75,000.
7 Furthermore, Plaintiff's statements in this and other recent cases
8 indicate that he and Makras are both California citizens.
9 Accordingly, Plaintiff's conclusory allegation that federal
10 subject matter jurisdiction exists is baseless and his request to
11 proceed IFP must be denied.

12     The Court notes that Plaintiff, a licensed California
13 attorney, has a history of frivolously invoking diversity of
14 citizenship as a basis for federal subject matter jurisdiction in
15 disputes with his landlord.  He has attempted to do so at least
16 three times in the past six months and, as a result, is currently
17 subject to a pre-filing review order in this district.  See
18 Boschetti v. O'Blenis, Case No. 13-2706, Docket No. 23.  Although
19 he filed his complaint in the present case before that pre-filing
20 order issued, his past conduct nevertheless further counsels
21 against granting him leave to proceed IFP in this case.

22                             CONCLUSION

23     For the reasons set forth above, Plaintiff's request for
24 leave to proceed IFP (Docket No. 3) is DENIED.  Plaintiff's
25 complaint is DISMISSED without prejudice to refiling a paid
26 complaint within thirty days of this order.  The Clerk shall close
27 the file.
28

3

If Plaintiff seeks leave to proceed IFP on another frivolous complaint in this district, the Court will notify the State Bar.

IT IS SO ORDERED.

Dated: 8/14/2013

CLAUDIA WILKEN
United States District Judge

4