IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DANIEL EVERETT,

    Plaintiff,

  v.

VICTOR MAKRAS,

    Defendant.
_____/

No. C 13-3693 CW

ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT (Docket No. 3)

Plaintiff Daniel Everett seeks leave to proceed in forma pauperis (IFP) in this action for injunctive relief against Defendant Victor Makras.  The Court denies this request under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff's complaint is frivolous.

LEGAL STANDARD

A court may grant a plaintiff leave to proceed IFP under 28 U.S.C. § 1915(a) only when the plaintiff has presented a claim that is not factually or legally frivolous within the definition of § 1915(e)(2)(B).[1]  O'Loughlin v. Doe, 920 F.2d 614, 616 (9th

---

[1] Section 1915(e)(2)(B) states:

. . . the court shall dismiss the case at any time if the court determines that--

(B) the action or appeal--

    (i)    is frivolous or malicious;
    (ii)   fails to state a claim on which relief may be granted; or

1  Cir. 1990); <u>Tripati v. First Nat'l Bank & Trust</u>, 821 F.2d 1368,
2  1370 (9th Cir. 1987).  An IFP complaint is frivolous if it is
3  "without merit" and has "no arguable basis in fact or law."
4  <u>O'Loughlin</u>, 920 F.2d at 617 (quotation marks and citations
5  omitted).
6      Section 1915(e)(2)(B) accords judges the unusual power to
7  pierce the veil of the complaint's factual allegations and dismiss
8  those claims where the factual contentions are clearly baseless.
9  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992).  Because a dismissal
10 pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, but
11 rather an exercise of the court's discretion under the IFP
12 statute, the dismissal does not prejudice the filing of a paid
13 complaint making the same allegations.  <u>Id.</u>

## DISCUSSION

15     Plaintiff's complaint alleges that Makras, the manager of the
16 apartment building where Plaintiff lives, has failed to make
17 necessary repairs to Plaintiff's water heater.  Plaintiff thus
18 seeks a temporary restraining order and preliminary injunction
19 compelling Makras to repair the water heater.[2]  Plaintiff asserts
20 that diversity of citizenship exists under 28 U.S.C. § 1332
21 because he and Makras "are citizens of two different states and
22 the amount in controversy exceeds $75,000."  Docket No. 1, Compl.
23 ¶ 3.  This allegation is without merit.
24     "'In actions seeking declaratory or injunctive relief, it is
25 well established that the amount in controversy is measured by the

---

    (iii)  seeks monetary relief against a defendant who is immune
           from such relief.

[2] Although Plaintiff requests a temporary restraining order in his complaint, he has not filed a separate motion seeking such relief.

2

value of the object of the litigation.'" <u>Chapman v. Deutsche Bank Nat. Trust Co.</u>, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (citations omitted).  Applying this rule in the present case, the true amount in controversy here is the cost of repairing or replacing Plaintiff's allegedly broken water heater: this figure cannot plausibly exceed the jurisdictional minimum of $75,000.  Furthermore, Plaintiff's statements in this and other recent cases indicate that he and Makras are both California citizens.  Accordingly, Plaintiff's conclusory allegation that federal subject matter jurisdiction exists is baseless and his request to proceed IFP must be denied.

The Court notes that Plaintiff, a licensed California attorney, has a history of frivolously invoking diversity of citizenship as a basis for federal subject matter jurisdiction in disputes with his landlord.  He has attempted to do so at least three times in the past six months and, as a result, is currently subject to a pre-filing review order in this district.  <u>See</u> <u>Boschetti v. O'Blenis</u>, Case No. 13-2706, Docket No. 23.  Although he filed his complaint in the present case before that pre-filing order issued, his past conduct nevertheless further counsels against granting him leave to proceed IFP in this case.

CONCLUSION

For the reasons set forth above, Plaintiff's request for leave to proceed IFP (Docket No. 3) is DENIED.  Plaintiff's complaint is DISMISSED without prejudice to refiling a paid complaint within thirty days of this order.  The Clerk shall close the file.

3

If Plaintiff seeks leave to proceed IFP on another frivolous complaint in this district, the Court will notify the State Bar.

IT IS SO ORDERED.

Dated: 8/14/2013

CLAUDIA WILKEN
United States District Judge

4